UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kayleigh B. Shankle,<br>Plaintiff,<br>v.<br><br>Destination XL Group, Inc.,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about July 11, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant is a governmental entity in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5. The Plaintiff, Kayleigh B. Shankle, is a citizen and resident of Richland County, South Carolina.

6. The Defendant, Destination XL Group, Inc., is upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and the ADA.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

11. The Defendant is an industry that affects commerce within the meaning of the Title VII and the Americans with Disabilities Act.

12. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. On or about February 20, 2023, Plaintiff began working for the Defendant as an Assistant Store Manager. Plaintiff was efficient and effective in her work, receiving positive employee evaluations.

14. The Plaintiff was diagnosed with brain cancer and an anxiety disorder, and she informed Defendant upon her hire.

15. Beginning on or about February 28, 2023, Plaintiff was discriminated against on the basis of her disability by Byron, a visiting store manager, when he told Teresa Vojtas, Plaintiff's store manager, that Plaintiff was too slow mentally to work there, even though he knew she had been diagnosed with brain cancer.

16. Plaintiff complained to Lisa Warner, Regional VP, and Steven Hearn, Director of HR, multiple times, but nothing was done.

17. The Plaintiff was one of, if not, the highest commission earning sales producer at that store.

18. On or about July 1, 2023, Plaintiff was passed over for a promotion to store manager. Plaintiff was told that Defendant would hire within the company, and Plaintiff had previous management experience, and she was the interim store manager. Defendant hired Alliyah Smith to be the store manager, who was from outside the company and had no experience.

19. On or about August 11, 2023, Plaintiff requested to take PTO for her treatment related to her disability, but it was denied. The Plaintiff then requested a meeting with Ms. Warner to discuss this and other discrimination, but nothing was done.

20. On or about August 26, 2023, Ms. Smith changed Plaintiff's schedule without telling her. Ms. Smith also accused Plaintiff of stealing sales and Ms. Smith wrote Plaintiff up for same.

21. On or about September 9, 2023, Ms. Smith told Plaintiff that "if brain cancer is your thing, you should take a demotion."

22. The Plaintiff yet again reported the ongoing discrimination to Human Resources, but Plaintiff and Ms. Smith were just told to "get along," and again nothing was done.

23. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

24. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodations, can perform the essential functions of several jobs in Defendant's employment.

25. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

26. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

27. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act - Failure to Promote

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

30. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

31. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

32. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

33. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote the Plaintiff in favor of a less qualified employee;

   b. In showing preferential treatment to employees without disabilities, and detrimental treatment to Plaintiff;

   c. In demonstrating a pattern of discriminatory treatment toward employees with disabilities by not promoting those who were in a protected class;

   d. In failing to correct or discipline employees that engage in discriminatory or harassing behavior; and

   e. In other particulars which discovery may show.

34. In failing to protect the Plaintiff from discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under the ADA and the Equal Employment Opportunity Act.

35. The Defendant violated the ADA and the Equal Employment Opportunity Act by allowing discrimination based on disability and preferential treatment to exist in the workplace.

36. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney's fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
September 23, 2024